# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.   DWAIN GUTHRIE, )<br>  )<br>        Plaintiff, )<br>  )<br>v.   )<br>  )<br>1.   BJ'S RESTAURANTS, INC., )<br>  )<br>2.   BJ'S RESTAURANT OPERATIONS )<br>          COMPANY, )<br>  )<br>        Defendants. | CIV-15-335-R<br><br>JURY TRIAL DEMANDED<br>ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action herein alleges:

## PARTIES

1. The Plaintiff is Dwain Guthrie, an adult resident of Canadian County, Oklahoma.

2. The Defendants are BJ's Restaurants, Inc. and BJ's Restaurant Operations Company, both companies doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claim is for disability discrimination, including failure to accommodate and creation of a hostile working environment, and retaliation (including termination) for requesting reasonable accommodations for such disability and complaining of disability discrimination, in violation of the Americans with Disabilities Act as set forth in 42 U.S.C. § 12111, *et seq.*; and age discrimination (including retaliation for Plaintiff's age-related complaints and creation of a hostile working environment), in violation of the Age Discrimination in Employment Act. Discrimination and retaliation on the basis of age and/or disability is also prohibited by the Oklahoma Anti-Discrimination Act. Plaintiff also claims retaliation after Plaintiff requested FMLA protected leave and interference with the FMLA in violation of the FMLA. Jurisdiction over the federal claims is vested in this Court under 29 U.S.C. § 2617(a)(2); 29 U.S.C. § 626(c); 42 U.S.C. §12117(a); 28 U.S.C. § 1331. Because the state law claims arise out of the same core of facts, jurisdiction is vested over those

claims under 28 U.S.C. § 1367(a).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma and the Defendants may be served in that county. Oklahoma County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Defendants jointly and separately employed more than fifty (50) employees during at least twenty (20) weeks of each calendar year between 2013 and 2014 who worked within seventy-five (75) road miles of the location where Plaintiff worked. Accordingly, the Defendants are covered employers under the FMLA, the ADEA, and the ADAAA. There is no minimum employee requirement to be a covered employer under the OADA.

6. Defendant BJ's Restaurants, Inc. is identified as Plaintiff's employer on his pay stubs. Defendant BJ's Restaurant Operations Company is identified as Plaintiff's employer through Plaintiff's W-2 forms. Both Defendants exercised control over the Plaintiff's employment including directing the day-to-day operations of the Plaintiff's job such that they are both liable for the claims herein under a joint employer and/or integrated enterprise theory of liability.

7. At the time of Plaintiff's request for FMLA protected leave the Plaintiff worked for the Defendants for more than a year, had worked more than twelve-hundred and fifty (1250) hours during the past twelve (12) months and had not used twelve (12) weeks of FMLA protected leave.

8. The Plaintiff is an adult male who was employed by the Defendants from around January 2013 until around July 3, 2014.

9. Plaintiff suffers from a long standing injury to his leg as a result of an injury suffered around 1986, without regard to the ameliorative effects of mitigating measures, substantially limits one or more major life activities and bodily functions including,

but not limited to:

    A.    Plaintiff would be unable to stand for more than a few minutes at a time;

    B.    Plaintiff would be unable to walk.

10. As a result of the limitations set out in Para. 9, above, Plaintiff suffers from a disability as defined by the ADA Amendments Act (ADAAA), 42 U.S.C. § 12102(1)(A), (2)(B), in that he suffers from a condition which materially impairs major life activities and bodily functions as defined by and/or is regarded as having such impairment as defined by 42 U.S.C. § 12102(1)(C), (3).

11. At the least the Defendants perceived the Plaintiff as being disabled in that Plaintiff's supervisors, including Will Harris (General Manager) told Plaintiff he was not capable of doing his job with his medical condition, which causes Plaintiff to limp and walk more slowly than someone without such impairments.

12. Plaintiff became supervised by Mr. Harris around March 2013 when he was transferred to Defendants' location in Oklahoma City, Oklahoma to be the new Kitchen Manager.

13. Beginning around April 2013 Mr. Harris began making near daily comments to the Plaintiff (who was forty-seven (47) years old at the time) about his inability to perform his job including, but not limited to:

    A.    About three times per week Mr. Harris would tell the Plaintiff that he works hard, but that "a person of [Plaintiff's] age" should not be working as hard as a Kitchen Manager was required to work;

    B.    Several times per week Mr. Harris told Plaintiff he was "too old" to do his job;

    C.    Several times per week Mr. Harris told Plaintiff that the restaurant business was a "young man's job" and/or a "young man's business".

    D.    Several times per week Mr. Harris would become angry at the Plaintiff for limping while performing his job duties. Mr. Harris would tell the Plaintiff to "buck it up", to "move faster", and that he wasn't going to "slow down" for

the Plaintiff.

    E.    On several occasions, Mr. Harris made comments to the extent that "BJ's doesn't have time" for Plaintiff to slow down because of his medical condition.

    F.    On several occasions Mr. Harris would point to younger employees and explain that BJ's was trying to "portray a youthful appearance" and that was why he liked to hire young people.

    G.    On several occasions Mr. Harris told Plaintiff that he did not hire an applicant because they were "too old" and again tell Plaintiff he was "too old" to do his job.

14. The comments made by Mr. Harris were objectively offensive and offensive to the Plaintiff and contributed to the creation of a hostile working environment to the Plaintiff.

15. Although Mr. Harris was in his early forties, he told the Plaintiff that he (Mr. Harris) was an "exception" to the rule that the restaurant business is a young man's business.

16. Around December 2013 or January 2014 Mr. Harris instructed Plaintiff to terminate an older employee whom Plaintiff had hired. Mr. Harris referred to this employee as "old man winter" and told Plaintiff to fire him because he was too old. Plaintiff refused to terminate the man's employment and told Mr. Harris he would not terminate someone because of their age. Mr. Harris thereafter terminated the man's employment.

17. Around April 17, 2014 Plaintiff suffered an on-the-job injury to his leg which aggravated his medical impairments and caused Plaintiff to need medical attention.

18. Plaintiff reported the on-the-job injury to Mr. Harris.

19. Plaintiff's injury exacerbated Plaintiff's disability and, as a result, Plaintiff was required to stay off work for about one week, then allowed to return to work with medical restrictions of lifting no more than about fifteen pounds.

20. When Plaintiff asked for accommodations, including asking for assistance lifting a heavy box, Mr. Harris refused to help, refused to allow anyone else to help the Plaintiff and told the Plaintiff that his restrictions "meant nothing" to Mr. Harris and that he would "have to work like everybody else". Mr. Harris told Plaintiff "we don't do medical restrictions".

21. Taking off work and working with lifting restrictions were both reasonable accommodations for Plaintiff's disabilities.

22. The Defendants did not provide Plaintiff with individualized notice of his FMLA rights when he requested off work for medical treatment nor when he took off work to recover from his on-the-job injury.

23. Plaintiff complained several times to Jennifer Harris (Director of Operations, no relation to William Harris) about the harassment by Mr. Harris, including right after Ms. Harris became Director of Operations and most recently around May and June, 2014. Plaintiff told Jennifer Harris about the ageist comments Mr. Harris was making, the harassment because of his age and disability and Mr. Harris's refusal to accommodate his disability.

24. In response, Ms. Harris told Plaintiff that he was "playing the victim". No investigaiton was conducted and no remedial action was taken. Additionally, the harassment continued.

25. Around May 2014 Plaintiff asked off work for the birth of his child, a reason for leave protected under the FMLA. Plaintiff told Defendants that his child was due to be born in early July, 2014.

26. The Defendants did not give Plaintiff notice of his FMLA rights and told the Plaintiff that they could not confirm that he would be allowed time off work.

27. Plaintiff was terminated around July 3, 2014 by Jennifer Harris and William Harris.

28. During the termination meeting Mr. Harris told Plaintiff that his job "is a young man's game". Mr. Harris told Plaintiff that his job as Kitchen Manager was "hard on any

age", that it was "hard on young people, but harder on older people".

29. Ms. Harris was present and nodded her head in agreement at William Harris's comments. Mr. Harris (with Ms. Harris nodding in agreement) said Plaintiff's "physical job performance was slow", referred to Plaintiff's leg, and that Plaintiff moved more slowly because of his disability.

30. Plaintiff's child was born around July 9, 2014.

31. As a result of the termination, Plaintiff was unable to utilize FMLA leave to care for his child although such leave is required under the FMLA.

32. As a result of the Defendants' conduct, the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages), and emotional distress/dignitary harm, including worry, stress, frustration, anxiety and similar unpleasant emotions.

33. The Defendants admitted that it was terminating the Plaintiff because of his disability and/or age and such admission is direct evidence of discrimination.

34. At the least, however, Plaintiff's termination was motivated by his disability, age and/or complaints of disability and age discrimination.

35. Plaintiff has exhausted his administrative remedies by timely filing EEOC charges of discrimination against each Defendant on August 14, 2014.  The EEOC issued Plaintiff his right to sue letters on February 12, 2015 and Plaintiff received such letters thereafter.  This complaint is timely filed within ninety (90) day of Plaintiff's receipt of his right to sue letters.

## COUNT I

For Plaintiff's first cause of action he incorporates the allegations set forth above and further provides that:

36. Discrimination on the basis of a disability or perceived disability, creation of a hostile working environment, and retaliation for Plaintiffs' requests for accommodation is contrary to the ADA and the OADA.

37. Refusal to reasonably accommodate the Plaintiff is a *per se* violation of the ADA.

38. Under this Count, Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.

39. Because the actions of the Defendants were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights, that Plaintiff is entitled to an award of punitive damages under federal law.

40. Under the OADA Plaintiff is entitled to an award of liquidated damages.

## COUNT II

For Plaintiff's second cause of action he incorporates the allegations set forth above and further provides that:

41. Retaliation against the Plaintiff for Plaintiff's exercise of his rights under the FMLA, and interference with Plaintiff's utilization of FMLA leave, are both violations of the FMLA.

42. Defendants' actions were willful as defined by the FMLA.

43. As a result of such interference and/or retaliation Plaintiff is entitled to actual and equitable damages including lost wages (past, present and future and for the value benefits associated with such earnings), pre-judgment interest, attorney fees and costs.

44. Because the actions of the Defendants' actions were not taken in good faith, Plaintiff is entitled to an award of liquidated damages.

## COUNT III

For Plaintiff's third cause of action he incorporates the allegations set forth above and further provides that:

45. Discrimination on the basis of age, including creation of a hostile working environment and retaliation for Plaintiff's complaints of discrimination, is a violation of the ADEA and OADA.

46. Under this Count Plaintiff is entitled to compensation for his lost wages (past, present

and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.

47. Because the actions of the Defendants were willful, malicious or, at the least, in reckless disregard for Plaintiff's rights, Plaintiff is entitled to an award of liquidated damages under federal law.

48. Plaintiff is entitled to liquidated damages under the OADA upon a finding of liability.

**WHEREFORE,** Plaintiff prays that he be granted judgment in his favor and against the Defendants on all of his claims and that this Court grant the Plaintiff all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 31st DAY OF MARCH, 2015**.

HAMMONS, GOWENS & HURST

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
HAMMONS, GOWENS, HURST & ASSOC.
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amberh@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED